UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES UNDERHILL PARKER, individually and in his capacity as trustee of the James Underhill Parker Trust,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE LAUNDRY SYSTEMS LLC, et al.,<br><br>Defendants. | No. 2:13-cv-01878 TLN-DAD<br><br>**ORDER** |

This matter is before the Court pursuant to James Underhill Parker's ("Plaintiff") motion for a temporary restraining order. (ECF No. 7.) On October 7, 2013, the Court held a hearing in which all the parties were present.[1] At the hearing the Court heard oral argument and determined that Plaintiff's motion is barred pursuant to the *Rooker-Feldman* Doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005), and the Anti-Injunction Act, 28 U.S.C. § 2283. Therefore, the Court finds that it lacks subject matter jurisdiction over this case. Furthermore, even if this Court had jurisdiction over this action, Plaintiff cannot meet his burden for obtaining injunctive relief.

---

[1] Defendant Alliance appeared telephonically pursuant to this Court's Order (ECF No. 10) granting permission to do so.

1

Under the *Rooker-Feldman* Doctrine (established by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)), district courts lack jurisdiction to review state court judgments. The Supreme Court's appellate jurisdiction over state-court judgments, granted in 28 U.S.C. § 1257, is exclusive and "precludes a United States district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate . . . ." *Exxon Mobil Corp.*, 544 U.S. at 291. Plaintiff's claim was filed in direct response to the Superior Court of Amador County's judgment, thus this is not an instance of concurrent jurisdiction, and this Court must abstain. *Id.* at 292. Moreover, "disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Id.* at 293 (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986); *accord Matsushita Elec. Industrial Co. v. Epstein*, 516 U.S. 367, 373 (1996); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380–381 (1985)).

Plaintiff argues that his claim is not barred under *Rooker-Feldman* and cites to the Ninth Circuit's decision in *Kougasian v. TMSL*, 359 F.3d 1136 (9th Cir. 2004). In *Kougasian*, the Ninth Circuit stated

> "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction."

*Id.* at 1140 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). The *Rooker-Feldman* doctrine exempts claims where a plaintiff alleges wrongful third party actions. Here, Plaintiff is contending that Defendants Alliance ("Alliance") and Sherriff Ryan ("Ryan") are unlawfully trying to foreclose on the property. Plaintiff presents Defendants actions as "fraudulent" and "coercive" in hopes of characterizing his claim as an exception to *Rooker-Feldman*, when in fact the conduct complained of is prescribed by the Superior Court's judgment. Because the conduct

complained of is authorized by the Superior Court's judgment, the conduct and judgment are essentially one and the same.  Thus, Plaintiff's claim in effect appeals the state court's decision and is barred under *Rooker-Feldman*.

Additionally, the Court finds that the state court case is still ongoing.  Alliance's counsel explained in its briefing and again during the hearing that the pending sale by the Sherriff (which is to be conducted pursuant to the Judgment and Writ of Sale) has not been completed. This Writ of Sale constitutes a state court proceeding.  The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  As such, this Court may not grant an injunction to stay the Superior Court Proceedings.

Finally, even if the *Rooker-Feldman* doctrine did not strip this Court of jurisdiction, Plaintiff cannot show a likelihood of succeeding on the merits and thus cannot meet his burden for an injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Here, Plaintiff could not establish that he was likely to succeed on the merits because it was clear from the documents presented and set forth below that the Superior Court did not intend to transfer the United States' interest in the lot at issue.

Although the original judgment states that "the following property, described in the Deed of Trust: Lot 19 of the Kirkwood Lake Tract (A plat which is on file in the office of the Forest Supervisor) . . . shall be sold in the manner prescribed by law by the levying officer of Amador County, California," (Superior Court of Cal. for the Cnty. Of Amador, Judgment of Foreclosure and Order of Sale, ECF No. 2-3 at 5.), it is clear from the hearing preceding the judgment and the subsequent "Order Denying Claim of Exemption" that the Superior Court never intended to foreclose on the government's interest.  (*See* ECF No. 13-1 at 67−68, 216.)

In the Superior Court's hearing that preceded the judgment, the judge specifically

discussed Plaintiff's interest in the property:

> THE COURT: No, no, not a fee. He talked about an interest he had in the Kirkwood property, and that interest, is whatever he has, and the interest is a permit.
>
> And some of them, like any of these, you know, we know Kirkwood, but you go to Pinecrest and a lot of places where there's a lot of nice cabins, they're on Forest Service property but have a permit for people to build a cabin or whatever they want to do there on them and they pay a fee to the Forest Service. And that has a valuable property interest to the people.
>
> MR. KRACHT: Well, but it doesn't, because he doesn't own the real property.
>
> THE COURT: He doesn't have to own it.
>
> MR. KRACHT: He only owns the timbers.
>
> THE COURT: ... They're not trying to get the real property. They don't claim Parker has any interest in the real property. They're claiming Parker had an interest in the permit that gave him that cabin site and the use on it under the current terms of the permit that was valuable, and they feel it is marketable.

(ECF No. 31-1 at 68.) Additionally, the Superior Court clearly understood that Plaintiff held only an interest in the lot improvements as reflected in its subsequent order denying Plaintiff's motion for exemption as follows:

> "2) The Amador County Sheriff may proceed to sell the following property identified in the Writ of Sale and the Sheriffs Notice of Levy under Writ of Sale: The **improvements** on Lot 19 of Kirkwood Lake Tract (A plat of which is on file in the office of the Forest Supervisor) or §. 21, T. 1 ON, R.l7E, Mt. Diablo Principal Meridian together with the Term Special Use Permit thereof."

(Superior Court Order Sept. 24, 2013, ECF No. 13-1 at 216 (emphasis added).)

Thus, the Court finds that although the original complaint erroneously refers to the lot, both the Superior Court and Defendants' understanding has always been that Plaintiff's interest is limited to improvements and personal property. This finding is bolstered by the fact that at the hearing in the instant matter, Defendant United States ("United States") expressed its agreement with this understanding and only took issue with the language within the Superior Court's "Order Denying Claim of Exemption" that purports to foreclose on the permit. As such, the Court finds that Plaintiff's contention that Defendants are attempting to foreclose on the

United States' land is without merit.[2]

As to the second factor required for injunctive relief, Plaintiff also fails to show that he will suffer from irreparable harm if the sale of his interest is completed. Plaintiff clearly deeded his interest in the property to Alliance in exchange for a loan. The parties do not dispute that Plaintiff defaulted on this loan. The only remedy that would be granted to Plaintiff if this Court were to restrain Defendants from completing the sale is additional time for the state court to correct the language within the judgment. In either event, Plaintiff loses his interest in the improvements to Lot 19. Furthermore, neither the balance of equities nor the public interest tips in Plaintiff's favor. From the procedural posture of this case, it is clear that Plaintiff defaulted on a loan to Alliance and that Plaintiff has done everything in his power to stop Alliance from recovering. According to Plaintiff's bankruptcy document, Plaintiff's interest in the Lot 19 property is subject to a $1.9 million dollar lien pursuant to the loan that Alliance made to Plaintiff. In contrast, the cabin or lot improvements are only worth somewhere between $200,000 and $300,000. Alliance has an offer for $200,000 to purchase Plaintiff's interest in the property that expires on October 30, 2013. Thus, although Plaintiff claims that balance of equities tips in his favor, if the Court were to restrain the Sherriff from completing the sale of Plaintiff's interest to Alliance, Alliance would be foreclosed from recovering the only interest it has available to it, which is a fraction of the amount loaned to Plaintiff.  As to the public's interest, Plaintiff's argument that the public will be harmed is meritless because it relies on the premise that Defendant Alliance will foreclose on the United States' land, which is not the case. Thus, Plaintiff cannot meet its burden to obtain injunctive relief.

As to Plaintiff's argument that the Superior Court erroneously ordered foreclosure on the use permit, during the hearing on the instant matter, Defendants Alliance, Ryan, and the United States all expressed their intent to rectify the language used in the writ of foreclosure. Defendants are cognizant of the fact that the permit is nontransferable, as well as the application

---

[2] The Court notes that much of the confusion surrounding Plaintiff's claims could have been avoided if the United States had attempted to have the Superior Court's April 17, 2012, judgment amended. In an effort to curtail future disagreements as to this issue, the Court strongly suggests that the United States promptly file an application with the appropriate state court to correct the language in the April 17, 2012, judgment so that it clearly reflects that the interest being foreclosed on is Plaintiff's interest in the improvements on Lot 19.

process required to obtain a new use permit.  Furthermore, Alliance has affirmed that it is in the process of securing a new permit.   This assertion is corroborated by correspondence between Alliance and the United States Agriculture Department that was submitted to this Court.  (*See* ECF No. 13-1 at 212.)

In conclusion, because the Court finds that it is divested of subject matter jurisdiction, pursuant to *Rooker-Feldman*, the Court cannot grant the relief sought by Plaintiff.  As such, the Court hereby:

1.  DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 7) and

2.  DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction.[3]

This CASE IS CLOSED.

IT IS SO ORDERED.

Dated: October 7, 2013

_____
Troy L. Nunley
United States District Judge

---

[3] During the hearing, the parties stated that Plaintiff filed a notice of lis pendency of action with the Amador County Recorder pursuant to his claim in this Court.  Due to the dismissal of Plaintiff's claims in this Court, there is no subsequent effect on Defendants ability to foreclose on Plaintiff's interest.  As such, the parties may reference this order to file a notice of withdrawal of lis pendens.

6